JURY INSTRUCTION NO. 1

## Duties of the Jury

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

1

JURY INSTRUCTION NO. 2

**Notetaking**

You have been allowed to take notes in this case. Keep in mind the admonishment given at the beginning of trial. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. Once the case is over, your notes will be destroyed. These steps are in line with my earlier instructions to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

JURY INSTRUCTION NO. 3

### Nature of the Indictment

This criminal case has been brought by the United States government. The government is represented at this trial by Assistant United States Attorneys, Daynelle Álvarez and Emelina Agrait. The defendant, Mr. Luis Domenech-Acaba, is represented by his lawyers, Assistant Federal Public Defenders Yasmin Irizarry and Héctor Sueiro.

Mr. Domenech has been charged by the government with violations of federal law. The charges against Mr. Domenech are contained in the indictment. The indictment is simply the description of the charges against Mr. Domenech; it is not evidence of anything. Mr. Domenech pleaded not guilty to the charges and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt

JURY INSTRUCTION NO. 4

## Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.

The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, LUIS ANGEL DOMENECH-ACABA, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that LUIS ANGEL DOMENECH-ACABA is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to LUIS ANGEL DOMENECH-ACABA. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. LUIS ANGEL DOMENECH-ACABA has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to LUIS ANGEL DOMENECH-ACABA's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of LUIS ANGEL DOMENECH-ACABA's guilt of a particular crime, you should find him guilty of that crime.

JURY INSTRUCTION NO. 5

**What Is Evidence: Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and LUIS ANGEL DOMENECH-ACABA accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

JURY INSTRUCTION NO. 6

**What Is Not Evidence**

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5. The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that LUIS ANGEL DOMENECH-ACABA has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

JURY INSTRUCTION NO. 7

**<u>Kinds of Evidence: Direct and Circumstantial</u>**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 8

**Defendant's Constitutional Right Not to Testify**

LUIS ANGEL DOMENECH-ACABA has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that LUIS ANGEL DOMENECH-ACABA did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

JURY INSTRUCTION NO. 9

## Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

JURY INSTRUCTION NO. 10

### **Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

JURY INSTRUCTION NO. 11

**<u>Judicial Notice</u>**

I believe that the passage of Hurricane Maria on September 20th, 2017 is of such common knowledge and can be so accurately and readily determined that it cannot be reasonably disputed. You may, therefore, reasonably treat this fact as proven, even though no evidence has been presented on this point.

As with any fact, however, the final decision whether or not to accept it is for you to make. You are not required to agree with me.

JURY INSTRUCTION NO. 12

**Consent of a minor is not a defense**

Any apparent willingness by the "minor" mentioned in the Indictment to engage in sexual activity is irrelevant to the charges herein and does not serve to mitigate the offense conduct.

Accordingly, you may find the defendant LUIS ANGEL DOMENECH-ACABA guilty even if the evidence suggests that the minor may have appeared to have consented to the sexual activity because in the eyes of the law, minors lack the capacity and ability to consent to sexual activity.

JURY INSTRUCTION NO. 13

**Indictment**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS ANGEL DOMENECH ACABA,**<br>Defendant. | **SUPERSEDING INDICTMENT**<br><br>Criminal No. 25-109(ADC)<br><br>Violations:<br>18 U.S.C. § 2251(a) and (e) and<br>18 U.S.C. §§ 2252A(a)(5)(B).<br><br>**TWO COUNTS** |

**THE GRAND JURY CHARGES:**

RECEIVED & FILED
CLERK'S OFFICE

FEB 18 2026

US DISTRICT COURT
SAN JUAN, PR

4:00
mdc

## COUNT ONE
### Production of Child Pornography
(Title 18, United States Code, Section 2251(a) and (e))

From in or about September 2017 to in or about September 2018, in the District of Puerto Rico and within the jurisdiction of this court,

### LUIS ANGEL DOMENECH ACABA,

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer. All in violation of Title 18, United States Code, Sections 2251(a) and (e).

U.S. v. Domenech Acaba Superseding Indictment 25-109(ADC)

## COUNT TWO
### Possession of Child Pornography
(Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2))

From in or about the year 2018 to in or about August 2024, in the District of Puerto Rico, within the jurisdiction of this Court, and elsewhere, the defendant,

### LUIS ANGEL DOMENECH ACABA,

knowingly possessed and knowingly accessed with intent to view, any material containing an image of child pornography as defined by Title 18, United States Code, Section 2256(8)(A), that has been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and was produced using materials which had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means, including by computer, that is: the defendant using his cellular phone a Blue Samsung Galaxy Cellular device, which had internet capabilities, possessed images and videos of child pornography. All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

### FORFEITURE ALLEGATION

The allegations of this Indictment are re-alleged as if fully set forth herein, for the purpose of alleging forfeiture, pursuant to Title 18, United States Code, Section 2253.

If convicted of the offense set forth above, LUIS ANGEL DOMENECH ACABA, the defendant herein, shall forfeit to the United States any and all materials or property used or intended to be used in the possession, receipt, and distribution of child pornography, including but not limited to a Blue Samsung Galaxy Cellular device, cell

U.S. v. Domenech Acaba Superseding Indictment 25-109(ADC)

phone with any corresponding SIM card, and any other electronic device seized in relation

to the defendant. All pursuant to Title 18, United States Code, Section 2253.


W. STEPHEN MULDROW
United States Attorney

Jenifer Y. Hernandez Vega
Assistant United States Attorney
Chief, Child Exploitation and Immigration Unit

Daynelle Alvarez Lora
Assistant United States Attorney

TRUE BILL

████████████████████████
FOREPERSON

Date: 2/18/2026

3

JURY INSTRUCTION NO. 14

**The prosecution in this case is based on the following statutes:**

**18 U.S.C. § 2251(a)**

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

**18 U.S.C. § 2252A(a)(5)(B)**

(a) Any person who—

　　(5) either—

　　　　(B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer...

A JURY INSTRUCTION NO. 15

**Possession of Child Pornography**

LUIS ANGEL DOMENECH-ACABA is charged in Count Two of knowingly possessing, and accessing with intent to view, any material containing an image of child pornography that has moved in interstate or foreign commerce. It is against federal law to possess child pornography that has moved in interstate or foreign commerce.

For you to find LUIS ANGEL DOMENECH-ACABA guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that LUIS ANGEL DOMENECH-ACABA knowingly possessed, or accessed with intent to view, any material containing an image of child pornography;

Second, that the material contained at least one image of child pornography;

Third, that LUIS ANGEL DOMENECH-ACABA knew that the material contained an image of child pornography; and

Fourth, that the image of child pornography was mailed, shipped or transported using any means of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

"Possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession. "Possession" also includes both sole possession and joint possession. If one person alone

has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

"Child pornography" is any photograph; film; video; picture; computer image; computer generated image of sexually explicit conduct, that was produced by using an actual person under age 18 engaging in sexually explicit conduct.

"Sexually explicit conduct" includes any one of the following five categories of conduct, whether actual or simulated: (1) sexual intercourse, including genital-genital, oral genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) lascivious exhibition of the genital or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. In considering the overall content of the image, you may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer. An image need not involve all of these factors to constitute a "lascivious exhibition." It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed. You may conclude that they are not applicable given the facts of this case. This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.

An image has been "shipped or transported in interstate or foreign commerce" if it has been transmitted over the Internet or over telephone lines.

A JURY INSTRUCTION NO. 16

**Production of child pornography**

LUIS ANGEL DOMENECH-ACABA is charged in Count One of employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing or transmitting any visual depiction of such conduct, and actually producing or transmitting such visual depiction, using a means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

For you to find LUIS ANGEL DOMENECH-ACABA guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that on about the date charged, LUIS ANGEL DOMENECH-ACABA employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

Second, that LUIS ANGEL DOMENECH-ACABA did so for the purpose of producing or transmitting a visual depiction of such conduct; and

Third, that the visual depiction was actually produced or transmitted using a means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

A "minor" is a person under the age of eighteen years. The government does not need to prove that the defendant knew that the individual was a minor.

"Sexually explicit conduct" includes but is not limited to the lascivious exhibition of the genitals or pubic area of any person

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. In considering the overall content of the image, you may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer. An image need not involve all of these factors to constitute a "lascivious exhibition." It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed. This list of factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.

A "visual depiction" includes data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Interstate commerce" includes commerce between one state, territory, possession, or the District of Columbia and another state, territory, possession and the District of Columbia. "Foreign commerce" includes commerce with a foreign country. A visual depiction has been transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, if it has been transmitted over the Internet13 or over telephone lines.

A visual depiction has equally been transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, if it passes between one state, territory, possession, or the District of Columbia and another state, territory, possession and the District of Columbia.

JURY INSTRUCTION NO. 17

**Definition of "Knowingly"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

JURY INSTRUCTION NO. 18

**Jury not to consider punishment**

 The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Judge, and should never be considered by you in any way in arriving at an impartial verdict as to the guilt or innocence of a defendant.

JURY INSTRUCTION NO. 19

**Court's comments to counsel**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to which an admonition of the Court may have been addressed during the trial of this case.

JURY INSTRUCTION NO. 20

**Consideration of evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

JURY INSTRUCTION NO. 21

### Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

JURY INSTRUCTION NO. 22

**Communication with the court**

If it becomes necessary during your deliberations to communicate with the Court, you may send a written note through a Marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed written note; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally, in open Court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

JURY INSTRUCTION NO. 23

**Duty to deliberate**

Any verdict must represent the considered judgment of each one of you. In order to return a verdict it is necessary that each juror agree to it. In other words, your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all time that you are not partisans. You are the judges of the facts. Your sole interest is to determine from the evidence in this case whether the government has proved its case beyond a reasonable doubt.

JURY INSTRUCTION NO. 24

**VERDICT**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case. [Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

*Plaintiff,*

**v.**

LUIS ANGEL DOMENECH-ACABA,

*Defendant.*

CRIMINAL NO. 25-109 (ADC)

## JURY VERDICT FORM

All questions asked in this jury verdict form are to be determined by unanimous jury vote.

### COUNT ONE

As to COUNT ONE of the Indictment for Production of Child Pornography:

We the jury, find the defendant, LUIS ANGEL DOMENECH-ACABA,

_____ GUILTY

_____ NOT GUILTY

### COUNT TWO

As to COUNT TWO of the Indictment for Possession of Child Pornography:

We the jury, find the defendant, LUIS ANGEL DOMENECH-ACABA,

_____ GUILTY

_____ NOT GUILTY

_____          _____
DATE AND TIME                    FORPERSON'S SIGNATURE